IN THE CIRCUIT COURT FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

VILLAGE SQUARE CONDOMINIUM
OF ORLANDO, INC.,

    Plaintiff,

vs.                            Case No: 09-CA- 14279

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Village Square Condominium of Orlando, Inc. ("Village Square") sues Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") and states the following:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. This is an action for damages that exceeds fifteen thousand and no/100 dollars ($15,000.00).

2. At all times relevant hereto, Village Square is and was a Florida Corporation not for profit with its principal place of business in Orlando, Orange County, Florida and was the owner of the property (the "Property") located at 5900-6098 Village Circle, Orlando, Florida.

3. At all times relevant hereto, Nationwide is and was a foreign corporation authorized by the State of Florida to engage in the business of insurance in the State of Florida.

4. This Court has jurisdiction over this action because the acts complained of occurred in Orange County, Florida and the policies and/or contracts at issue in this matter pertained to real property located in Orange County, Florida.

5. In consideration of the insurance premium paid to Nationwide by Village Square,

Nationwide issued a contract of insurance (the "Policy") on or about June 12, 2004, with Policy No. 77 BP 702-346-3001 E to Village Square, which covered, among other things, losses, damages, and claims relating to the Property. A copy of the Policy materials and declarations pages received by Village Square from Nationwide is attached hereto as Exhibit "A."

6. The Policy was in full force and effect at the time of the losses, damages, and claims were submitted by Village Square to Nationwide regarding the Property.

7. On or about August 13, 2004, the Property was severely and substantially damaged.

8. Village Square provided timely notice to Nationwide of losses, damages, and claims to the Property during the Policy period.

9. Nationwide paid a portion of the losses, damages, and claims to the Property but not all of them.

10. On or about April 9, 2008, Village Square provided a supplemental Sworn Statement in Proof of Loss on the losses, damages, and claims. Village Square timely provided the information, documents, and materials in its possession in response to Nationwide's demands for such information in support of Village Square's losses, damages, and claims.

11. On or about April 9, 2008, Village Square provided a supplemental Sworn Statement in Proof of Loss on the losses, damages, and claims. Village Square timely provided the information, documents, and materials in its possession in response to Nationwide's demands for such information in support of Village Square's losses, damages, and claims.

12. Nationwide has failed to pay the full amount of the losses and damages to the Property covered by the Policy.

13. On or about August 6, 2008, Village Square demanded appraisal in accordance with the terms of the Policy.

14. Nationwide has failed to comply with the request for appraisal.

15. All conditions precedent to maintaining this action have occurred, been satisfied, become moot, been excused, been waived, or otherwise fulfilled

16. Village Square is obligated to pay its attorneys a reasonable fee for services rendered relating to this action and its claims for coverage under the Policy. Village Square is entitled to recover its attorneys' fees, pursuant to section 627.428, Florida Statutes, among other bases.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff realleges paragraphs 1 through 16, above.

18. This is an action for breach of contract.

19. Village Square has suffered losses and damages to the Property.

20. The losses and damages are covered under the Policy.

21. Nationwide breached its obligations under the Policy by its actions, inactions, errors, and omissions including, but not limited to, the following:

   a. failing and/or refusing to cover Village Square's losses and damages;

   b. failing and/or refusing to make payments for Village Square's losses and damages covered by the Policy;

   c. failing and/or refusing to comply with Village Square's demand for appraisal;

   d. failing and/or refusing to act in good faith; and/or

e. otherwise breaching and failing to perform its obligations under the Policy.

22. Village Square suffered losses and damages as a direct and proximate result of Nationwide's breach of the Policy. Village Square's losses and damages include, but, are not limited to, losses and damages to the Property, lost benefits of the Property, and Village Square continues to suffer from the losses and damages.

WHEREFORE, Village Square demands judgment against Nationwide for damages, interest, costs, attorneys' fees, and other relief the court deems appropriate. Further, Village Square demands a trial by jury on all issues so triable.

## COUNT II – DECLARATORY JUDGMENT

23. Plaintiff realleges paragraphs 1 through 16, above.

24. This is an action for declaratory judgment, pursuant to Chapter 86, Florida Statutes.

25. Village Square requests a determination of its rights and duties under the Policy.

26. There is a genuine dispute between the parties regarding the existence or non-existence of coverage under the Policy for the claims made. In addition, Village Square is in doubt as to its rights under the Policy, and therefore this Court has subject matter jurisdiction, pursuant to Chapter 86, Florida Statutes.

27. The controversy includes, but is not limited to, the scope and amount of coverage available to Village Square under the Policy for claims made and determination of its rights and duties under the Policy.

28. A judicial declaration of the right/duties of the parties is necessary and appropriate at this time as the claim is stalled due to these controversies and Village Square continues to suffer damages from the delay.

29. Should it be found that coverage exists for Village Square's losses and damages, pursuant to section 86.061, Florida Statutes, such supplemental relief could include, but not be limited to, damages associated with Village Square's denial of coverage.

WHEREFORE, Village Square demands judgment against Nationwide, and requests that this Court adjudge that the Policy provides coverage for Village Square's losses and damages. In addition, Village Square demands damages, interest, costs, attorneys' fees, and other relief the court deems appropriate. Further, Village Square demands a trial by jury on all issues so triable.

DEMAND FOR JURY TRIAL

VILLAGE SQUARE demands trial by jury on all issues so triable.

Dated: April 3d, 2009

JOHN BALES ATTORNEYS

John Calhoun Bales
Florida Bar No: 346985
Gregory J. Blackburn
Florida Bar No: 938051
A Bales Professional Association
9700 Dr. Martin Luther King, Jr. St. N., Suite 400
St. Petersburg, Florida 33702
Telephone: (727) 823-9100
Telefacsimile: (727) 579-9109
Attorneys for Plaintiff