7/20/2009 1:25 PM FILED IN OFFICE LYDIA GARDNER CLERK OF CIRCUIT COURT ORANGE CO FL.

093928/4

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09-CA-10798

VILLAGE SQUARE CONDOMINIUM
OF ORLANDO, INC.

   Plaintiffs,

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

   Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY (hereinafter "NATIONWIDE"), by and through the undersigned counsel, and hereby files its Motion to Dismiss Count II of Plaintiff's Complaint and Demand for Jury Trial, and states as follows:

1. NATIONWIDE issued a policy of insurance to Plaintiff bearing policy number 77 BP 702-346-3001 E, for property located in Orlando, Florida, with effective dates from June 12, 2004 through June 12, 2005.

-1-

Case 6:09-cv-01711-GKS-DAB   Document 4   Filed 10/08/2009   Page 2 of 5

• 7/20/2009 1:25 PM FILED IN OFFICE LYDIA GARDNER CLERK OF CIRCUIT COURT ORANGE CO FL.

CASE NO. 09-CA-10798
DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT AND DEMAND FOR JURY TRIAL

2. Plaintiff reported a loss to the insured property which occurred on or about August 13, 2004.

3. NATIONWIDE timely paid all covered losses for Plaintiff's claim.

4. Petitioner commenced this action by filing a two-count Complaint on or about April 30, 3009. Count I alleged a cause of action for breach of contract and Count II sought a Declaratory Judgment.

5. Count II fails to allege facts that would entitle Petitioner to assert a cause of action under Florida's Declaratory Judgment Act and, hence, fails to state a cause of action for which relief may be granted. No facts have been alleged to bring this matter within this Court's jurisdiction under the Declaratory Judgment Act. Nowhere in the Petition does Petitioner allege that the language in the insurance contract is ambiguous or otherwise needs to be interpreted.

6. The purpose of the declaratory judgment act is to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations, and is to be liberally construed.[1] Before any proceeding for declaratory relief should be entertained, it should be clearly made to appear that:

---

[1] Florida Statute §86.101.

7/20/2009 1:25 PM FILED IN OFFICE LYDIA GARDNER CLERK OF CIRCUIT COURT ORANGE CO FL.

CASE NO. 09-CA-10798
DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT AND DEMAND FOR JURY TRIAL

>there is a bona fide, actual, present practical need for the declaration, that the declaration should deal with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts, that some immunity, power, privilege, or right of complaining party is dependent upon facts or law applicable to facts, that there is some person or persons who have, or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law, that the antagonistic and adverse interest are all before the court by proper process or class representation, **and that relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.**[2]

7. A Declaratory Judgment Action is properly used to settle the meaning of ambiguous language such as clauses in an insurance policy to which the Petitioner is in doubt.[3] In order to successfully invoke a court's Declaratory Judgment powers and state a cause of action upon which relief may be granted, the Petitioner in a declaratory action must not merely allege that they meet the criteria to bring suit, but must also allege facts to satisfy the criteria for a declaratory judgment.[4]

---

[2] (Emphasis added) Milani v. Palm Beach County, 973 So.2d 1222 (Fla. 4th DCA 2008).

[3] Kelner v. Woody, 399 So.2d 35, 37 (Fla. 3d DCA 1981); *see also* Conley v. Morley Realty Corp., 575 So.2d 253, 255 (Fla. 3d DCA 1991).

[4] Floyd v. Guardian Life Insurance Company of America, 415 So.2d.103 (Fla. 3d DCA 1982); *see also*, Swain v. Reliable Insurance Company, 200 So.2d 863 (Fla. 3d DCA 1967).

7/20/2009 1:25 PM FILED IN OFFICE LYDIA GARDNER CLERK OF CIRCUIT COURT ORANGE CO FL.

CASE NO. 09-CA-10798
DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT AND DEMAND FOR JURY TRIAL

8. Count II of Plaintiff's Complaint contains no contractual terms to which Petitioner is in doubt for this Court to interpret nor does Plaintiff allege any facts to satisfy the criteria for a declaratory judgment.

9. Declaratory relief is generally not available to settle factual disputes upon which insurance coverage questions turn under clear and unambiguous policy; in those cases, there is no need for contract construction or interpretation.[5]

10. The legal remedies sought in Plaintiff's cause of action for Breach of Contract will determine all of Plaintiff's rights in relation to the policy of insurance and any alleged breaches thereunder by Defendant, rendering Plaintiff's cause of action for Declaratory Judgment duplicitous, superfluous, and unnecessary.

11. Based on the foregoing, Count II of Plaintiff's Complaint has failed to state a cause of action for which this Honorable Court can grant relief. Hence, Count II of Plaintiff's Complaint should be dismissed pursuant to Rule 1.140(b) of the Florida Rules of Civil Procedure.

WHEREFORE, for the foregoing reasons, Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, respectfully requests this Honorable Court to dismiss

---

[5] Travelers Ins. Co. v. Emery, 579 So.2d 798 (Fla. 1st DCA 1991).

CASE NO. 09-CA-10798
DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT AND DEMAND FOR JURY TRIAL

Count II of Plaintiff's Complaint; and, any other relief the Court deems just and proper, including, but not limited to, Defendant's reasonable attorney's fees and costs incurred in filing this motion, and attending a hearing on same.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: Gregory Blackburn, Esquire, John Bales Attorneys, 9700 Martin Luther King, Jr. Street North, Suite 400, St. Petersburg, Florida 33702, by U.S. Mail on this 17th day of July, 2009.

CONROY, SIMBERG, GANON, *et. al.*
Counsel for NATIONWIDE
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
Telephone: 954.961.1400
Facsimile: 954.967.8577

By: _____
Marc J. Gutterman, Esquire
Florida Bar No.:118818
Dean R. Mallett, Esquire
Florida Bar No.: 0063293