**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VILLAGE SQUARE CONDOMINIUM OF ORLANDO, INC.,**

        **Plaintiff,**

-vs-                                              Case No. 6:09-cv-1711-Orl-31DAB

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Nationwide Mutual Fire Insurance Company ("Defendant"), Motion to Dismiss and Motion to Strike (Docs. 4 and 5) (collectively, the "Motion"), and Plaintiff's, Village Square Condominium of Orlando, Inc. ("Plaintiff"), response in opposition thereto (Doc. 13).

## I. Overview

In its two-count Complaint, Plaintiff alleges that Defendant refused to pay for certain losses and damages to Plaintiff's condominium complex that were caused by Hurricane Charley (Doc. 2, ¶ 7). Specifically, Count I purports to state claim for breach of a property insurance contract (Doc. 2, ¶¶ 17-22). Paragraph 21(d) of Count I, in particular, alleges that Defendant breached the contract by "failing and/or refusing to act in good faith . . ."[1] (Doc. 2, ¶ 21(d)). Count

---

[1] Paragraphs 21(a) through (c) allege that Defendant breached the contract by failing to cover Plaintiff's losses and damages, by failing to make payments for Plaintiff's covered losses and damages, and by failing to comply with Plaintiff's demand for an appraisal (Doc. 2, ¶ 21).

II purports to state claim for declaratory relief pursuant to FLA. STAT. §§ 86.01 to 86.15 (Florida's Declaratory Judgment Act) (Doc. 2, ¶¶ 23 to 29).

Defendant moves to dismiss Count II and to strike Paragraph 21(d). With respect to Count II, Defendant contends that the Complaint fails to identify any ambiguous contractual terms that require declaratory relief and that, in any event, Count II is duplicative in light of Count I (Doc. 4 at 4). With respect to Paragraph 21(d), Defendant contends that Plaintiff has failed to satisfy all conditions precedent for asserting a "bad faith" claim pursuant to FLA. STAT. §§ 624.155 and 626.9541 (Doc. 5 at 2 and 8).[2]

The Court addresses these issues, *infra*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*see* Order at Doc. 20). The Complaint and Motion were filed in state court prior to the removal of this action.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted

---

[2]As discussed further, *infra*, Defendant apparently reads Paragraph 21(d) of the Complaint as attempting to assert an independent claim for relief that is separate and distinct from Count I and Count II.

factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

    **A. Motion to Dismiss Count II**

As a threshold matter, Count II should be read as purporting to assert a claim for declaratory relief based on 28 U.S.C. § 2201 – not on FLA. STAT. §§ 86.01 to 86.15. Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights. *See*, *e.g.*, *Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1335 n. 1 (S.D. Fla. 2008) (construing claim based on Florida's Declaratory Judgment Act as arising under 28 U.S.C. §

2201). Inasmuch as this is diversity case, Florida's procedural rules are inapposite. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, Count II will be construed as purporting to state a claim for relief pursuant to 28 U.S.C. § 2201.[3]

Claims under 28 U.S.C. § 2201 must be definite and concrete, and "admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and quotations omitted). At a minimum, such claims must be supported by allegations from which a continuing and substantial controversy may reasonably be inferred. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (citations omitted).

Upon review, the Court concludes that Count II fails to allege any real or immediate controversy and that Count II is otherwise superfluous in light of Count I. The gravamen of the Complaint is that Defendant breached its contract of insurance by failing to pay for all of Plaintiff's covered losses – not that the contract is ambiguous or that the parties are uncertain as to their rights. Indeed, as Defendant points out, the Complaint does not identify any particular provision in the contract that would necessitate declaratory relief. To the extent that there may be

---

[3] "As a practical matter, however, the elements required under the federal or state declaratory judgment acts are not materially different." *Nirvana Condominium Ass'n, Inc.*, 589 F. Supp. 2d at 1335 n. 1 (S.D. Fla. 2008) (comparing *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342 (11th Cir. 1999) with *Floyd v. Guardian Life Ins. Co.*, 415 So. 2d 103 (Fla. 3d DCA 1982)).

a dispute regarding whether the policy was in effect at the time of the alleged loss,[4] that issue is clearly subsumed by Count I. In the absence, then, of any real and immediate controversy apart from what is already alleged in Count I, Defendant's Motion to Dismiss Count II will be granted.

### B. Motion to Strike Paragraph 21(d)

As noted, *supra*, Defendant appears to contend that Paragraph 21(d) of the Complaint purports to state an independent, first-party bad faith claim (*see*, *e.g.*, Doc. 5 at 8, noting that "Because Plaintiff has not complied with conditions precedent for bringing the instant *count* for "bad faith", [sic] Paragraph 21(d) of Plaintiff's Complaint must be stricken as premature") (emphasis added).

Defendant misreads the Complaint and its contention is without merit. Paragraph 21(d) comprises one of five alleged "actions, inactions, errors and omissions" by which Defendant allegedly breached the parties' insurance contract (Doc. 2, ¶ 21). Although Paragraph 21(d) cannot, as a matter of law, be asserted as a free-standing claim in a first-party coverage dispute, *see*, *e.g.*, *Nirvana Condominium Ass'n, Inc.*, 589 F. Supp. 2d at 1339-40 (S.D. Fla. 2008) (holding that a breach of the implied covenant of good faith and fair dealing, disguised as a bad faith claim, could not be asserted together with an express breach of contract claim arising from the failure to provide property coverage), Paragraph 21(d) is clearly not pled as a distinct claim. It is merely a subpart of Count I, which in the main, alleges that Defendant failed to cover and pay for Plaintiff's

---

[4]Defendant, for instance, denied in its Answer that the policy "was in full force and effect" at the time Plaintiff suffered its loses (Doc. 3, ¶ 6).

losses and damages caused by Hurricane Charley (*see* Doc. 2, ¶¶ 19, 20 and 21(a) through (c)).

Accordingly, Defendant's Motion to Strike will be denied.[5]

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss Count II is **GRANTED** and Defendant's Motion to Strike is **DENIED** (Docs. 4 and 5). Count II is hereby **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 11, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5]To the extent, however, that Plaintiff might subsequently attempt to argue a bad faith claim, Defendant will be given leave to re-raise this issue.

-6-